IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CARLISLE KELLY and DEANNA KELLY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07-3245 ) |
| ENBRIDGE (U.S.) INC., | ) ) ) |
| Defendant. | ) |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion for Remand to State Court for Lack of Subject Matter Jurisdiction (d/e 4) (Motion for Remand), filed by Plaintiffs Carlisle and Deanna Kelly. The Kellys filed this action in the Illinois Circuit Court for the Sixth Judicial Circuit, in Dewitt County, Illinois. Defendant Enbridge (U.S.) Inc. (Enbridge, Inc.), and Enbridge (Illinois) LLC (Enbridge LLC) (collectively Enbridge) removed this matter to this Court based on diversity removal jurisdiction. 28 U.S.C. §§ 1332, 1441(b). The Kellys assert that this Court lacks jurisdiction because no amount is in controversy because they only seek declaratory and

injunctive relief. Enbridge, however, has presented evidence that the impact on it from an adverse verdict would exceed the jurisdictional amount of $75,000.00. Enbridge, therefore, has demonstrated that this Court has removal diversity jurisdiction. The Motion is, thus, denied.

STATEMENT OF FACTS

The Kellys filed this action on August 24, 2007. Notice of Removal (d/e 1), Exhibit 1, Complaint for Declaratory Judgment (Complaint). The Kellys alleged that they owned certain real property in Dewitt County, Illinois (Property). They alleged that Enbridge is an out-of-state company that had entered onto the Property, without their consent, and continued to do so. The Kellys alleged that Enbridge wrongfully claimed a right to enter the Property. The Kellys prayed a declaratory judgment that Enbridge had no right to enter the Property and that Enbridge's continued entry onto the Property constituted a criminal trespass under Illinois law.

On August 24, 2007, the Kellys also filed a Motion for Temporary Restraining Order and Preliminary Injunction. Notice of Removal, Exhibit 2, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (TRO Motion). Enbridge received a copy of the Complaint on August 27, 2007. Enbridge answered the Complaint and

opposed the TRO Motion. Enbridge asserted that it had certain easement rights that entitled it to enter onto the Property. Notice of Removal, Exhibit 6, Verified Answer to Complaint for Declaratory Relief. Enbridge has stated that the Illinois Court denied the TRO Motion. Notice of Removal, ¶ 7.

Enbridge then removed this action on September 12, 2007. Enbridge based this Court's removal jurisdiction on the parties' diversity of citizenship. Id., ¶¶ 3-4. Enbridge has asserted that Enbridge LLC is the entity that has entered onto the Property. Enbridge LLC is a Delaware limited liability company with its principal place of business in Texas. Enbridge LLC's only member is Enbridge Inc., which is a Delaware corporation with its principal place of business in Texas. The Kellys are citizens of Illinois. Defendant's Submission of Affidavit Establishing Diversity (d/e 7), attached Affidavit Concerning Diversity Jurisdiction (Kanvik Affidavit), ¶¶ 4-6.

## ANALYSIS

The Kellys now seek a remand. The Kellys argue that this Court lacks removal subject matter jurisdiction based on diversity because there is no amount in controversy. They argue that they are not seeking damages; thus,

3

no money is at risk.  Motion for Remand, ¶¶ 3-5.  In equitable actions, the jurisdictional amount is determined by the pecuniary effect of the possible judgment on either party, either the benefit to one, or the burden to the other.  Gottlieb v. Westin Hotel Co., 990 F.2d 323, 329 (7th Cir. 1993); McCarty v. Amoco Pipeline Co., 595 F.2d 389, 395 (7th Cir. 1979).

In this case, the potential impact on Enbridge exceeds the jurisdictional amount of $75,000.00.  Enbridge Inc.'s Senior Counsel and Assistant Secretary Joel Kanvik states that Enbridge is constructing a multimillion dollar interstate oil transportation pipeline that will cross the Property.  Kanvik Affidavit, ¶ 2.  Enbridge believes that it has the proper easements to entitle it to construct and operate such a pipeline on the Property.  Id., ¶ 7, and attached easement documents.  Kanvik estimates that Enbridge's costs for this project would increase by $800,000.00 if a judgment is entered in this case prohibiting Enbridge from constructing and operating the planned pipeline across the Property.  Id., ¶ 8.  Plaintiffs have presented no evidence to the contrary.  Enbridge, therefore, has shown that this case meets the jurisdictional amount for removal jurisdiction based on diversity of citizenship.

THEREFORE, Motion for Remand to State Court for Lack of Subject

Matter Jurisdiction (d/e 4) is DENIED.  This matter is referred to United States Magistrate Judge Byron G. Cudmore for scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:   October 16, 2007

    FOR THE COURT:

                                            s/  Jeanne E. Scott
                                            JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE