IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLISLE KELLY and DEANNA KELLY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07-3245 |
| ENBRIDGE (U.S.) INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction (d/e 9) (Motion) filed by Plaintiffs Carlisle and DeAnna Kelly. The material in the file fails to show that Plaintiffs are entitled to a temporary restraining order (TRO). That request is therefore denied. The Court will set the Motion for preliminary injunction for hearing.

### STATEMENT OF FACTS

The Kellys allege that they own certain real estate in Dewitt County, Illinois (Property). They further allege that Defendant Enbridge (U.S.) Inc.

1

(Enbridge) intends to come onto the Property without their consent, and continues to do so.  Notice of Removal (d/e 1), Exhibit 1, Complaint for Declaratory Judgment (Complaint).  The Kellys sought a TRO in state court before this case was removed to this Court.  The state court denied the request without prejudice based, at least in part, on representations by Enbridge's counsel that Enbridge would not enter onto the Property until this matter was resolved.  Motion, Exhibit 1, Transcript of Proceedings on August 29, 2007 in Dewitt County, Illinois Circuit Court Case No. 07-MR-29 (Transcript), at 18.  The Kellys now have submitted evidence that someone subsequently entered onto the Property and placed small flags on the Property that state: "CAUTION Crude Oil Pipeline Enbrige Energy, L.P. Do Not Dig Without Enbridge Representative on Site Call (800) 858-5253."  Motion, Exhibit 2, Affidavit of Carlisle Kelly and attached photographs (Kelly Affidavit).  The Kellys therefore renew their request for a TRO.

Enbridge has previously filed with this Court copies of two easements on the Property conveyed in 1939 to Texas-Empire Pipe Line Company (Easements).  Defendant's Submission of Affidavit Establishing Diversity (d/e 7), attached Affidavit Concerning Diversity Jurisdiction (Kanvik

2

Affidavit), attached Easements. The Easements conveyed to the grantee the rights of ingress and egress to the Property to install and maintain a pipeline. The Easements also authorized the holder of the Easements to construct and maintain a second pipeline on the Property. The Easements also recite that they inure to the grantee's successors and assigns as long as a pipeline is maintained on the Property. Easements. A pipeline currently exists on the Property pursuant to the Easements. Kelly Affidavit, attached photographs; Kanvik Affidavit, ¶ 7. Enbridge has submitted the Kanvik Affidavit which avers that an affiliated entity, Enbridge Pipelines (Illinois) LLC (Enbridge LLC), is the current assignee of rights of the grantee of the Easements, and Enbridge LLC intends to build and maintain a portion of a second pipeline on the Property. Id. The Kellys' counsel acknowledged the existence of the Easements at the first TRO hearing in state court, but stated that the Kellys disputed whether Enbridge LLC was the current assignee holding the Easements. Transcript, at 19-20. The Kellys, however, have submitted no evidence regarding the current ownership of the Easements.

ANALYSIS

The Kellys ask for a TRO. They present evidence that Enbridge has

not lived up to the representation made in state court that its representatives would not enter onto the Property until this matter was resolved. Although Enbridge's counsel made that representation in court, the state court did not enter an order barring Enbridge from entering onto the Property. Thus, Enbridge is not in contempt or otherwise in violation of any court order. Rather, the state court ordered that the denial of the TRO was without prejudice. The state court, thus, authorized the Kellys to bring this second motion should Enbridge enter the Property before the resolution of this case. The Kellys have done so. The Court will now address the TRO request.

The Kellys have failed to demonstrate a right to a TRO. To secure a TRO or other preliminary injunctive relief, the Kellys must show: (1) a likelihood of prevailing on the merits, (2) an inadequate remedy at law, and (3) irreparable harm if the preliminary relief is denied. Grossbaum v. Indianapolis-Marion County Bldg. Authority, 63 F.3d 581, 585 (7th Cir. 1995). The Kellys have failed to demonstrate that they are likely to succeed on the merits or that they will suffer irreparable harm if a TRO is denied.

The Kellys are not likely to succeed on the merits based on the evidence now before the Court. The Kanvik Affidavit states that Enbridge

LLC is the assignee of the Easements.  As such, Enbridge LLC is entitled to enter onto the Property to maintain the existing pipeline on the Property, and to construct and maintain a second pipeline on the Property.  See e.g., Erday's Clothiers, Inc. v. Spentzos, 228 Ill.App.3d 540, 592 N.E.2d 615, 622 (Ill.App. 2nd Dist., 1992) ("The rights of the owner of the easement are paramount and the law is jealous of the claim of an easement." (internal citations omitted)).  The Kellys state that they dispute whether Enbridge LLC is the assignee of the Easements, but they have presented no evidence to support that assertion.  The Kellys are not likely to prevail unless they can demonstrate either that Enbridge LLC is not the assignee of the Easements, or that the Easements are not valid.  At this point, they have presented no evidence on either of these issues.

    The Kellys also have not shown that they will suffer irreparable harm.  The evidence indicates that Enbridge LLC intends to construct an underground pipeline across the Property pursuant to the rights granted in the Easements.  The Easements state that Enbridge LLC must compensate the fee owners of the Property for damage to the surface of the Property, including crops.  Thus, the Kellys will be compensated for any injury.  If Enbridge LLC fails to pay the required compensation, the Kellys can secure

a judgment for compensatory damages. The Kellys, thus, have an adequate remedy at law. Based on the record before the Court, the Kellys are not entitled to a TRO.

THEREFORE, the Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction (d/e 9) is DENIED in part. The request for the temporary restraining order is denied. The Court reserves ruling on the request for a preliminary injunction until an evidentiary hearing can be set. The Court will contact counsel of record to schedule a hearing.

IT IS THEREFORE SO ORDERED.

ENTER: October 18, 2007

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE