IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLISLE KELLY and<br>DEANNA KELLY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 07-3245 |
| ENBRIDGE (U.S.) INC., | )<br>)<br>) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants' Motion to exclude Expert Testimony (d/e 34) (Motion). The Defendant Enbridge (U.S.) Inc., and Enbridge (Illinois) LLC (Enbridge LLC), seek to bar the expert opinion of Plaintiffs Carlisle and Deanna Kelly's expert witness William Charles Kallberg. Enbridge LLC claims to hold an easement (Easement) across the Kellys' property (Property) in DeWitt, County, Illinois. The Easement grants the holder the right to build and maintain two pipelines across the Property. One pipeline (Existing Pipeline) was built on the Easement across the Property in the 1940's. The grant of the Easement states, in part, that

1

the Easement will continue as long as a pipeline is maintained on the Easement. Kallberg is a civil engineer who has issued a report containing his opinions that the Existing Pipeline has not been maintained. The Defendants seek to bar this opinion. For the reasons set forth below, the Motion is ALLOWED in part.

Expert testimony is governed by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. This Court is required to perform a gate-keeping function to determine whether a party's proposed expert is qualified and whether his opinions have a proper basis and will assist the trier of fact. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593 (1993).

The Court must first consider whether Kallberg is qualified to offer expert opinions about the maintenance of underground pipelines. Fed. R.

2

<u>Evid</u>. 104(a); <u>Daubert</u>, 509 U.S. at 593, n. 10. Kallberg is an engineer who has many years experience with pipelines. <u>Motion</u>, Exhibit B, <u>Kallberg Report (Report), attached Resume/Curriculum Vitae</u>. He is qualified, based on his training and experience, to offer expert opinions regarding the maintenance of pipelines.

The Report starts with dictionary definitions of the word "maintain". Kallberg's discussion of dictionary meanings of a word is not based on his expertise and is not proper expert testimony. The Court therefore bars him from rendering opinions based on dictionary definitions.

The Report, however, then discusses the proper maintenance of pipelines that are no longer in use. The Report states:

> If a pipeline is no longer in use, there are only two options: It will never be used again or it might be used again. Regardless of when this option arose, the prudent owner/operator would either physically abandon the line (never again to be used) and make it safe, or keep the line in usable (might be used again) condition.

<u>Kallberg Report</u>, at 1. This opinion concerning the proper maintenance of pipelines is not based on the dictionary definitions, but on Kallberg's experience in the pipeline industry and his training as an engineer. He is qualified to render this opinion, and the opinion may assist the finder of

3

fact.

Kallberg goes on to discuss current oil industry practices in maintaining pipelines and concludes that the Existing Pipeline was not maintained. This opinion also is based on his knowledge and experience in the oil and gas pipeline industry, and is admissible.

Kallberg stated in his deposition that the maintenance standards on which he relied were limited to pipelines used to transport hazardous liquids and gases. <u>Motion</u>, Exhibit A, <u>Deposition of William Kallberg</u>, at 72-74. His opinions regarding the proper maintenance of pipelines are limited to pipelines maintained to transport hazardous liquids and gases.

THEREFORE, Defendants' Motion to Exclude Expert Testimony (d/e 34) is ALLOWED in part. Kallberg is barred from rendering opinions concerning the dictionary definition of the word "maintain." He is allowed to render opinions regarding the maintenance of the Existing Pipeline for the purpose of transporting hazardous liquids and gases, as set forth in this Opinion.

IT IS THEREFORE SO ORDERED.

ENTER: May 15, 2008

    FOR THE COURT:

                                                            s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE