**E-FILED**
Friday, 16 May, 2008  09:31:20 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLISLE KELLY and | ) | |
| DEANNA KELLY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  07-3245 |
| | ) | |
| ENBRIDGE (U.S.) INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion for Summary Judgment by Enbridge (U.S.) Inc. (Enbridge US) (d/e 36) (Enbridge US Motion); the Motion for Summary Judgment by Enbridge Pipelines (Illinois) LLC (Enbridge LLC) (d/e 38) (Enbridge LLC Motion); Plaintiffs' Motion for Summary Judgment (d/e 40); and Plaintiffs' Motion to Strike all Filings by Non-Party Enbridge Pipelines (Illinois) LLC and/or Alternative Dismiss Enbridge Pipelines (Illinois) LLC's Counterclaim and/or Alternative Motion for Summary Judgment (d/e 41).

As set forth below, the undisputed competent evidence shows that

Enbridge LLC intends to build a pipeline (Pipeline) across Illinois, and intends to build a section of the Pipeline across Plaintiffs Carlisle Kelly and Deanna Kelly's property in DeWitt County, Illinois (Property).  The Kellys brought this action against Enbridge US to secure a declaratory judgment that Enbridge US has no right to build the Pipeline across the Property. Enbridge LLC, not Enbridge US, however, intends to construct the Pipeline. Enbridge US does not assert a right to build the Pipeline on the Property and does not intend to build a Pipeline across the Property; hence, there is no dispute between these two parties that would entitle the Kellys to declaratory relief.

The competent evidence, further, shows that Enbridge LLC holds a valid easement (Easement) on the Property, and the Easement authorizes Enbridge LLC to enter the Property to construct and maintain the Pipeline. Enbridge LLC is, thus, also entitled to summary judgment.

<u>STATEMENT OF FACTS</u>

In 1939, the Kellys' predecessors in title to the Property conveyed the Easement to the Texas Empire Pipeline Company.  The Easement authorized the holder of the Easement "the right to lay, operate and maintain a pipe line for the transportation of oil, gas, gasoline and/or other

fluids, the grantee selecting the route, upon, over and through the following described land, . . . .” <u>Memorandum in Support of Motion for Summary Judgment by Enbridge Pipelines (Illinois) LLC (Enbridge LLC Memorandum)</u> (d/e 39), Exhibits A and B, <u>Easements executed July 11, 1939 (collectively Easement)</u>.  The Easement further authorized the holder “the right to lay, operate and maintain, adjacent to and parallel with the first, a second pipe line, . . . .” <u>Id.</u>  The Easement would continue to exist “so long as such pipe lines or other structures are maintained; . . . .” <u>Id.</u>

One pipeline was built across the Property in the 1940s (Existing Pipeline).  The Existing Pipeline comes out of the ground for several feet on the Property to go over a creek.  <u>Opposition to Motion for Summary Judgment by Enbridge (U.S.) Inc. (d/e 49)</u>, Exhibit E, <u>Affidavit of Carlisle Kelly (Kelly Affidavit)</u>, attached photograph.  Building a pipeline over a stream, rather than under, was a common building technique at the time the Existing Pipeline was constructed.  <u>Enbridge LLC Memorandum</u>, Exhibit I, <u>Deposition of Timothy Anderson (Anderson Deposition)</u>, at 38-39. Pipelines with exposed sections over water crossings are often encountered. <u>Enbridge LLC Memorandum</u>, Exhibit J, <u>Deposition of John Kobasa (Kobasa Deposition)</u>, attached Deposition Exhibit 1, <u>Expert Report of John D.</u>

Kobasa, at 3.[1]

Enbridge LLC acquired the Easement, and the Existing Pipeline, on December 15, 2006, through the purchase of the membership interests in Central Illinois Pipeline Company LLC (CIPC), and then a merger of the two companies.   Enbridge LLC Memorandum, Exhibits A-D, Certified copies of chain of title documents for the Easement, and Exhibits E-F, Certificates of Merger; Exhibit G, Deposition of Douglas Aller, at 4-5, 44-45.   Enbridge LLC has applied to the Illinois Commerce Commission (Commission) for permission to build the Pipeline across the Property as the second pipeline allowed pursuant to the Easement.

Enbridge US and Enbridge LLC are separate companies, both affiliated with a Canadian parent corporation, Enbridge, Inc.  Enbridge US Motion, Exhibit A, Deposition of Joel W. Kanvik, at 6-8.   As described above, Enbridge LLC acquired the Easement and intends to construct and operate the Pipeline.   Enbridge US is a holding company that owns interests in other companies, but does not own any interest in Enbridge LLC.  Id., at 7.

_____

[1]Enbridge LLC set forth the information in this paragraph regarding building pipelines over streams as a statement of undisputed fact.  Response of Enbridge Pipelines (Illinois) LLC to Plaintiffs' Alternative Motions to Strike, Dismiss, or for Summary Judgment (d/e 48), at 9, ¶ 4.  The Kellys did not admit or deny whether the statement was undisputed in the manner required by the Local Rules.  Local Rule 7.1(D)(3)(a). The statement is therefore deemed admitted.  Local Rule 7.1(D)(2).

The Existing Pipeline was not in use when Enbridge LLC acquired the Easement.  The Existing Pipeline was last used to transport fertilizer. Anderson Deposition, at 8.  The Existing Pipeline has been hydrotested in 1983, 1984, and 1992-93 by Enbridge LLC's predecessors in title. Hydrotesting is a process that involves pumping water through the pipeline to check for leaks and strength.  Anderson Deposition, at 30-31, 49; Enbridge LLC Memorandum, Exhibit H, Deposition of Marcus G. Garrison (Garrison Deposition), at 22.  The Existing Pipeline passed the tests. Anderson Deposition, at 31; Garrison Deposition, at 45.

In the 1990's, a prior owner of the Easement spent $1.5 million to upgrade the Existing Pipeline.  Garrison Deposition, at 37, 48.  CIPC acquired the Easement and the Existing Pipeline in 2004.  CIPC determined at that time that the Existing Pipeline was in good condition.  Id., at 23, 26, 33, 48.  CIPC thereafter replaced the warning signs along the Existing Pipeline twice and turned the power back on for the line's cathodic protection system.  Id., at 47-48, 56-58, 62.  The cathodic protection system is an electrical system that prevents corrosion.  Id., at 59.  The protection system had been off for about two years.  Id., at 60-65.  On January 31, 2008, Enbridge Inc.'s Area Supervisor, Timothy Anderson,

conducted testing of the Existing Pipeline immediately north and south of the Property, including ultrasonic testing, and determined that the Existing Pipeline was in good condition.  <u>Anderson Deposition</u>, at 11, 17-19, 28-29, 31-32, 36, 43-44, 57-60, 66-69.

According to the Kellys' expert witness, William Kallberg, the Existing Pipeline has not been maintained for the purpose of carrying hazardous liquids or gases, such as petroleum products or natural gas.  <u>Response to Motion for Summary Judgment Filed on Behalf of Enbridge Pipelines (Illinois) LLC (d/e 51)</u>, Exhibit A, <u>Deposition of William Kallberg (Kallberg Deposition)</u>, at 46-47, 63, 69.  He stated in his deposition that the terms of the grant of Easement would allow the Existing Pipeline to be used for carrying other fluids, such as water.  <u>Kallberg Deposition</u>, at 74.  He offered no opinion concerning whether the Existing Pipeline was properly maintained to transport water or other fluids that were not hazardous. Enbridge Inc.'s Area Supervisor Anderson testified that the Existing Pipeline was in good condition and could be placed back into service immediately to carry water.  <u>Anderson Deposition</u>, at 44-46.

On August 27, 2007, the Kellys filed this action in DeWitt County, Illinois, Circuit Court.  The Kellys alleged that Enbridge US was attempting

to build the Pipeline across the Property.  They asked for a declaratory judgment that Enbridge US had no right to enter the Property without the Kellys' permission, and further, that Enbridge US's entry onto the Property constituted criminal trespass.  <u>Notice of Removal (d/e 1)</u>, Exhibit 1, <u>Complaint for Declaratory Judgment</u>.

The Kellys then filed a Motion for a Temporary Restraining Order and Preliminary Injunctive Relief to prohibit Enbridge US from entering the Property or building the Pipeline across the Property.  <u>Notice of Removal</u>, Exhibit 2, <u>Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction</u>.  Enbridge LLC appeared at the hearing on the request for a TRO.  <u>Plaintiffs' Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction (d/e 9) (Second TRO Motion)</u>, attached <u>Report of Proceedings on August 29, 2007 (Transcript)</u>, at 2.  Enbridge LLC's counsel explained at the hearing that Enbridge LLC was the proper party defendant because it owned the Easement and intended to construct the Pipeline across the Property. <u>Id.</u>, at 13.  Enbridge LLC, however, did not file a formal motion to correct the misjoinder of Enbridge US instead of Enbridge LLC.  <u>See</u> 735 ILCS 5/2-407.  The Court acknowledged receipt of Enbridge LLC's Verified Answer.  <u>Id.</u>, at 7-8.

Counsel for Enbridge LLC also represented to the Court that the Commission had yet not approved the application for the section of the Pipeline that would go across the Property, and thus, Enbridge LLC had no intention of entering the Property at this time. <u>Id.</u>, at 16. The Court then denied the request for a TRO without prejudice. <u>Id.</u>, at 20.

Enbridge US and Enbridge LLC then filed a Notice of Removal on September 7, 2007. <u>Notice of Removal</u>. Enbridge LLC did not file a motion to correct the misjoinder of Enbridge US. <u>Fed. R. Civ. P.</u> 22. Enbridge US and Enbridge LLC then filed an Amended Answer which included Enbridge LLC's Counterclaim. <u>First Amended Answer and Counterclaim (d/e 6)</u>. Enbridge LLC asked for a declaratory judgment that the Easement was valid and entitled Enbridge LLC to exercise the rights set forth in the Easement. <u>Id.</u>

The Kellys directed their pleadings at Enbridge US and consistently disputed whether Enbridge LLC had any right to appear in this case because it had not filed a motion to intervene. <u>E.g.</u>, <u>Second TRO Motion</u>, at 1; <u>Plaintiffs' Answer to Counterclaim (d/e 12)</u>, ¶ 1; <u>Plaintiffs' Response to Defendant's Motion for Order Prohibiting Alleged Unauthorized Communications (d/e 31)</u>, at 2. The Kellys, however, also answered

Enbridge LLC's Counterclaim.  Plaintiffs' Answer to Counterclaim (d/e 12).
The Kellys also did not move to strike any of Enbridge LLC's filings until
after Enbridge LLC filed its Motion for Summary Judgment.

Enbridge US asked for summary judgment because it has no interest
in the Easement and has no intent to enter the Property or construct a
pipeline.  In response, the Kellys submitted documents filed with the
Commission by Enbridge LLC and an affiliated company, Enbridge Energy
Company, Inc.  Opposition to Motion for Summary Judgment by Enbridge
(U.S.), Inc. (d/e 49) (Kelly Opposition), Exhibits A and B.  These
documents described various affiliates and subsidiaries of Enbridge, Inc.,
including Enbridge LLC.  The Kellys also attached three pages from a web
site, www.enbridgeus.com, which stated, in part, that Enbridge US was a
wholly owned subsidiary of Enbridge, Inc.  Id., Exhibits C and D.  The
Kellys submitted nothing that questions the legal existence or validity of any
of the companies referenced.  One of the pages from the web site also
includes a map of pipelines.  The title over the map is "Ownership of
Enbridge U.S. Operations".  The map shows pipelines in central Illinois
owned by Enbridge US.

The Kellys also submitted the Affidavit of Carlisle Kelly.  He attached

to his Affidavit pictures of above ground signs warning of the existence of the underground pipeline, and a picture of the section of the Existing Pipeline that goes over the creek.  He also attached letters that he received from Enbridge Community Relations and a newspaper article.  <u>Kelly Affidavit</u>, attached Exhibits.

ANALYSIS

The Kellys, Enbridge LLC, and Enbridge US have all moved for summary judgment.  With respect to each summary judgment motion, the movant must present evidence that demonstrates the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to the non-movant.  Any doubt as to the existence of a genuine issue for trial must be resolved against the movant.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Once the movant has met its burden, the non-movant must present evidence to show that issues of fact remain with respect to an issue essential to its case, and on which it will bear the burden of proof at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 322; <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In this case, the undisputed facts show that Enbridge US and

Enbridge LLC are entitled to summary judgment.

A.     ENBRIDGE US

The Kellys must present evidence that would entitle them to declaratory relief against Enbridge US.  To secure a declaratory judgment, the Kellys must show: (1) they have a tangible legal interest, (2) Enbridge US has an adverse interest, and (3) an actual or justiciable controversy exists between the parties with respect to the two interests.  AG Farms, Inc. v. American Premier Underwriters, Inc., 296 Ill.App.3d 684, 689, 695 N.E.2d 882, 887 (Ill. App. 4th Dist., 1998).  The Kellys fail to present any evidence to show that Enbridge US has an adverse interest or that an actual controversy exists between themselves and Enbridge US.  The Kellys and Enbridge US agree that Enbridge US has no right to enter the Property or to build a pipeline across the Property.  Thus, Enbridge US does not claim an interest adverse to the Kellys, and an actual controversy does not exist between these two parties.  Since the Kellys have no evidence on these two elements, they have failed to present evidence to show that they would be entitled to a declaratory judgment against Enbridge US.  Enbridge US is entitled to summary judgment.

The Kellys argue that they have presented evidence of an issue of fact

regarding whether Enbridge US actually claims an ownership interest in the Easement and intends to build the Pipeline across the Property.  The Court disagrees.  The Kellys' evidence regarding ownership of the Easement either is not competent for purposes of summary judgment, or does not tend to prove ownership.  Evidence supporting or opposing summary judgment must be by affidavit or other comparable evidence that is under oath or some other evidence that is authenticated and otherwise admissible.  Fed. R. Civ. P. 56(e).  The Kellys' evidence of ownership consists of: (1) documents submitted to the Commission, (2) a citation to a web site, (3) an unauthenticated copy of some pages from a web site, (4) a copy of a newspaper article, (5) two letters sent to Carlisle Kelly from an entity called Enbridge Community Relations, and (6) an unsworn statement by Carlisle Kelly that he submitted to the Commission.  The documents submitted to the Commission do not indicate anywhere that Enbridge US has any interest in the Easement.  The Kellys do not submit any evidence to challenge the legal validity of either Enbridge US or Enbridge LLC; the fact that they are affiliated does not present any basis to treat them as the same legal entity.  The web site citation is a reference to an unauthenticated statement and is not competent evidence.  The copy of the web site pages

are not authenticated and are not competent for purposes of summary judgment. The newspaper article is hearsay and not competent. Carlisle Kelly's unsworn statement submitted to the Commission is hearsay and not competent evidence. The letters arguably are authenticated by Carlisle Kelly and are possibly admissions of an agent of a party opponent. Fed. R. Evid. 801(d)(2). The letters, however, do not say anywhere that Enbridge US is the entity that intends to build the Pipeline. The letters, thus, do nothing to prove ownership of the Easement. No competent evidence indicates that Enbridge US has an ownership interest in the Easement or that it intends to enter the Property to build the Pipeline. The Kellys have not presented any evidence that they have a right to a declaratory judgment against Enbridge US. Enbridge US is entitled to summary judgment.

B.      ENBRIDGE LLC

        1.      Misjoinder

        Initially, the Kellys complain that Enbridge LLC is not properly before the Court. The Kellys argue that Enbridge LLC never properly intervened. This case is more properly viewed as a problem of misjoinder rather than intervention. The Kellys want to stop the construction of the Pipeline across the Property. They filed this action to secure a declaratory judgment

to achieve this result.  The Kellys clearly want a judgment against the party that actually asserts a right to enter the Property and construct the Easement, but they named the wrong party; they named Enbridge US instead of Enbridge LLC.

Both the Illinois Civil Practice Code and the Federal Rules of Civil Procedure address the problem of misjoinder. 735 ILCS 5/2-407; Fed. R. Civ. P. 21.  Section 2-407 of the Illinois Civil Practice Code states:

> Nonjoinder and misjoinder of parties -- Change of parties.  No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties.  New parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require and on terms which the court may fix.  735 ILCS 5/2-407.

> Rule 21 of the Federal Rules of Civil Procedure states:

> Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court, may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Both the Illinois statute and the federal rule indicate a preference in favor of correcting the misjoinder of the wrong party rather than dismissal.  Enbridge LLC argues that the Illinois court exercised its authority under § 2-407 to add Enbridge LLC to the case when the court

allowed Enbridge LLC to file its Verified Answer, and to appear and participate in the TRO hearing on August 29, 2007. The state court allowed Enbridge LLC to appear and participate in the case. The state court also acknowledged receipt of the Verified Answer. The state court, thus, implicitly assumed that the correct party appeared so that the claims could be resolved. This is the purpose of the misjoinder rule.

This Court also may at any time, on its own, enter an order on just terms adding Enbridge LLC as a party. Fed. R. Civ. P. 21. The circumstances of this case support entry of an order adding Enbridge LLC as a party. Such an order would resolve any ambiguity regarding the intent of the state court at the TRO hearing. The result is also fair and just to the Kellys and Enbridge LLC. Both want a resolution of the validity of Enbridge LLC's assertion that it has a valid Easement to construct the Pipeline on the Property. The Kellys filed this action to achieve that end, and Enbridge LLC joined in that effort by filing its Counterclaim. Both parties have conducted discovery and thoroughly briefed the issues. The matter is thus ripe for resolution. Excluding Enbridge LLC at this stage would force both parties to start over. The goal of Rule 21 is to resolve disputes, not dismiss them because the wrong party was named. In light of

that policy, this Court resolves any ambiguity in the record by adding Enbridge LLC, pursuant to Rule 21, as a party defendant/counterclaimant.

The Court also will not grant the Kellys' alternative request to strike or dismiss Enbridge LLC's Counterclaim.  The Kellys did not move to strike or dismiss the Counterclaim until now.  Indeed, the Kellys answered the Counterclaim.  The Kellys also conducted discovery with Enbridge LLC and filed a Motion for Summary Judgment on Enbridge LLC's Counterclaim.  The Kellys, thus, have fully participated in the litigation of Enbridge LLC's claim.  Proceeding on that claim, therefore, would not prejudice them.  Striking the Counterclaim because of the misjoinder, however, would prejudice Enbridge LLC and the Kellys because both parties would need to start over to secure a resolution of the dispute.  The cost and delay of such an outcome is exactly what Rule 21 seeks to avoid.  The interests of justice weigh in favor of clarifying any question of misjoinder and allowing Enbridge LLC to proceed on its counterclaim.

2.   <u>Validity of the Easement</u>

Enbridge is the holder of the Easement.  The documentary evidence submitted by Enbridge LLC establishes the proper chain of title from the original grant.  The Kellys did not respond to the numbered statements of

undisputed facts submitted by Enbridge LLC in support of its Motion for Summary Judgment, as required by the Local Rules.   Local Rule 7.1(D)(2)(b).  The statements of undisputed fact are therefore deemed admitted.  Those undisputed facts establish the chain of title.  Enbridge LLC Memorandum, Statement of Undisputed Facts ¶¶ 1-7.

Moreover, the submitted recorded transfer documents show the chain of title from the original grant to CIPC.  Enbridge LLC Memorandum, Exhibits A-D.  The merger documents show the acquisition of CIPC by Enbridge LLC.  Id., Exhibits E-F.  Enbridge LLC is, thus, the owner of the Easement.  The Kellys argue that the transfer documents are ambiguous because: (1) the 1983 Assignment of the Easement recites that the assignor was "Texaco-Cities Service Pipe Line Company (formerly known as The Texas-Empire Pipe Line Company)," the original grantee of the Easement; and (2) 2004 Assignment of the Easement recites that the assignor was, "The Magellan Pipeline Company, L.L.C., (formerly known as Williams Pipe Line Company, LLC, and Williams Pipe Line Company)."  Enbridge LLC Memorandum, Exhibits C and D.  The Kellys argue that Enbridge LLC presented no evidence that these name changes are true.  The Kellys are mistaken.   The 1983 and 2004 Assignments, Exhibits C and D

(Assignments), are evidence of the name changes. Documents affecting interests in real estate are admissible as an exception to the hearsay rule with respect to matters relevant to the purpose of the document. Fed. R. Evid. 803(15). The identity of the assignor is relevant to the purpose of the Assignments. The Assignments, thus, are substantive evidence of the name changes of the assignors. Nothing in the record contradicts the Assignments. The name changes, thus, are undisputed, and the chain of title documents are not ambiguous. Enbridge has established the chain of title.

The undisputed evidence also establishes that the Easement was not abandoned. Abandonment requires proof of non-use plus some affirmative act that manifests an intent to abandon the Easement. The affirmative act must destroy the object for which the Easement was established or the means of its enjoyment. Diaz v. Home Federal Savings and Loan Association of Elgin, 337 Ill.App.3d 722, 732, 786 N.E.2d 1033, 1043 (Ill. App. 2$^{\text{d}}$ Dist., 2002). No evidence shows any affirmative act to destroy the Existing Pipeline or the means of its enjoyment. No holder of the Easement removed any part of the Existing Pipeline. The Existing Pipeline lay unused, but that is not an affirmative act. The expert Kallberg opined that the

Easement was not maintained to carry hazardous liquids or gases, but he did not opine that any Easement holder committed an affirmative act to destroy the Existing Pipeline.

The Kellys argue that the transfer to CIPC was an affirmative act because CIPC did not intend to use the Existing Pipeline. The Kellys cite Diaz to support their position. The Diaz case, however, does not apply. In Diaz, the easement holder, a railroad, held an easement for a railroad right of way. The railroad moved the tracks from the easement property and tried to sell the easement to an adjacent landowner, a bank, that wanted to change the use of the easement. The bank wanted to use the easement as a driveway for ingress and egress to its property. Diaz, 786 N.E.2d at 1037, 1043.

In this case, CIPC neither removed the pipeline nor attempted to change the use of the Easement. CIPC purchased the Easement to invest in the Easement as a pipeline easement. Before purchasing the Easement, CIPC determined that the Existing Pipeline was in good condition. Garrison Deposition, at 21-22, 48. After purchasing the Easement, CIPC replaced all the warning signs along the Existing Pipeline twice and turned the power back on the line's cathodic protection system. Id., at 47-48, 56-

58.  CIPC, thus, spent funds to maintain the Existing Pipeline.  CIPC did nothing to change the use or enjoyment of the Easement.  The sale to CIPC did not show an intent to abandon.  None of the evidence showed any abandonment.[2]

Finally, the Kellys argue that the Easement ended on its own terms because the Easement was not maintained.  The original grant states that the Easement would continue as long as a pipeline was maintained.  Enbridge LLC Memorandum, Exhibits A and B.  Enbridge Inc.'s Area Supervisor Timothy Anderson testified that the Existing Pipeline could be used immediately for transportation of water.  Anderson Deposition, at 44-46.  No evidence contradicts this testimony.  The Kellys' expert Kallberg opined that the Existing Pipeline was not maintained to transport hazardous liquids or gasses.  Kallberg also agreed that the Easement authorized the use of the Existing Pipeline to transport any fluid, including water.  He expressed no opinion on whether the Existing Pipeline was maintained for transportation of non-hazardous liquids, including water.  The undisputed

---

[2]The Kellys also cite an unsworn statement by Carlisle Kelly to the Commission in which he asserted that the Existing Pipeline was abandoned.  Plaintiffs' Motion to Strike, ¶ 16.  Carlisle Kelly's unsworn statement is hearsay and not competent evidence to support or oppose a summary judgment motion.  Fed. R. Civ. P. 56(e).

evidence, therefore, established that the Existing Pipeline was maintained for purposes of the original grant.[3]

The Easement, thus, continues in effect, and Enbridge LLC holds the Easement.  The Easement authorizes Enbridge LLC to enter onto the Property to construct and maintain two pipelines.  Enbridge LLC, therefore, has the authority under the Easement to enter the Property to construct and maintain a second pipeline.

THEREFORE, pursuant to Federal Rule of Civil Procedure 21, the Court, on its own motion, hereby joins Enbridge Pipelines (Illinois) LLC as a party in this matter.  The Motion for Summary Judgment by Enbridge (U.S.) Inc. (d/e 36) and the Motion for Summary Judgment by Enbridge (Illinois) LLC (d/e 38), are ALLOWED, and Plaintiffs' Motion for Summary Judgment (d/e 40) and Plaintiffs' Motion to Strike all Filings by Non-Party Enbridge Pipelines (Illinois) LLC and/or Alternative Dismiss Enbridge Pipelines (Illinois) LLC's Counterclaim and/or Alternative Motion for

---

[3]The Kellys attempt to raise additional new arguments in their Reply.  Plaintiffs' Reply to Response of Enbridge Pipelines (Illinois) LLC to Plaintiffs' Motion to Strike, Dismiss or Alternatively for Summary Judgment (d/e 59).  Reply briefs are limited to responding to matters raised by the memorandum in opposition.  Local Rule 7.1(D)(3)(b).  The Plaintiffs waived the new arguments that they attempted to raise for the first time in the Reply.  United States v. Adamson, 441 F.3d 513, 521 n.2 (7th Cir. 2006).

Summary Judgment (d/e 41) are DENIED.  Summary judgment is entered in favor of Defendant Enbridge (U.S.) Inc., and Enbridge Pipelines (Illinois) LLC, and against Plaintiffs Carlisle and Deanna Kelly.  The Court hereby declares that: (1) the Easement is valid and enforceable; and (2) Enbridge Pipelines (Illinois) LLC: (a) possesses all of the rights granted in the Easement, and therefore, (b) is not a trespasser if and when it enters upon the Property in the exercise of its rights under the Easement.  All other pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  May 16, 2008

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE